NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CARLOS ALEJANDRO MIRAMONTES, *Appellant.*

No. 1 CA-CR 17-0665
FILED 12-4-2018

Appeal from the Superior Court in Maricopa County
No. CR2016-123835-001
The Honorable John Christian Rea, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jesse Finn Turner
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Peter B. Swann joined.

---

**P E R K I N S**, Judge:

¶1          Carlos A. Miramontes timely filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following his conviction of resisting arrest, a class 6 felony. Miramontes's counsel has searched the record and found no arguable question of law that is not frivolous. *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530 (App. 1999). Miramontes was given the opportunity to file a supplemental brief but did not do so. Counsel now asks this court to search the record for fundamental error. After reviewing the entire record, we affirm Miramontes's convictions and sentences.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2          On May 19, 2016, two Phoenix police officers responded to a call about a car with a flat tire in the parking lot of a strip mall. The officers found Miramontes, the sole occupant, slumped over in the car and believed he was intoxicated. Because the car was running, they boxed it in with their patrol cruisers before trying to rouse the sleeping Miramontes. The officers pulled the keys from the ignition and attempted to wake Miramontes by tapping him and giving him commands in both English and Spanish. They also identified themselves as Phoenix police officers. Miramontes was "in and out," mumbling random, incoherent words before falling back asleep.

¶3          Miramontes awoke and slapped one of the officers in the chest. The officers then began pulling on Miramontes and asking him to leave the car. Instead, Miramontes braced his leg on the car's center pillar and began flailing his other leg at the officers, kicking one in the leg. After officers pulled him from the car, Miramontes grabbed at the tactical vest and belt of one of the officers. The officers and Miramontes then scuffled, with officers striking Miramontes several times to subdue and handcuff him.

¶4          On May 23, 2016, the State charged Miramontes via direct complaint with one count of aggravated assault and one count of resisting arrest. Miramontes proceeded to trial on August 30 and 31, and September 5, 2016. At trial, the court heard from one of the arresting officers and the State entered video from his body camera into evidence. Miramontes then moved for a judgment of acquittal under Arizona Rule of Criminal Procedure 20. The court ruled that the evidence was substantial because the officers had "announced themselves loudly and repeatedly" and that jurors could infer Miramontes's mental state from his continued struggle with officers after he awoke.

¶5          The jury found Miramontes guilty of resisting arrest, but hung on the aggravated assault charge. The State and Miramontes then agreed to a deal: the State moved to dismiss the assault charge with prejudice after Miramontes admitted to his prior felonies. The court granted the motion and subsequently sentenced Miramontes to 3.75 years' imprisonment. Miramontes timely appealed.

## DISCUSSION

¶6          The record reflects Miramontes received a fair trial. He was represented by counsel at all stages of the proceedings against him and was present at all critical stages. The court held appropriate pretrial hearings.

¶7          The court did not conduct a voluntariness hearing; however, Miramontes did not request a voluntariness hearing and accordingly waived his right to challenge the voluntariness of his statements to police. *State v. Bush*, 244 Ariz. 575, 589–90, ¶¶ 59–61 (2018) (noting that courts are never required to *sua sponte* hold voluntariness hearings and disavowing previous contradictory Arizona cases).

¶8          The State presented both direct and circumstantial evidence sufficient to allow the jury to convict. The jury was properly comprised of eight members. The court properly instructed the jury on the elements of the charges, the State's burden of proof, and the necessity of a unanimous verdict. The jury returned a unanimous verdict, which it affirmed in open court. The court received and considered a presentence report, addressed its contents during the sentencing hearing, and imposed legal sentences for the crimes of which Miramontes was convicted.

## CONCLUSION

**¶9** We have reviewed the entire record for reversible error and find none, and therefore affirm the convictions and resulting sentences. *See Leon*, 104 Ariz. at 300.

**¶10** Defense counsel's obligations pertaining to Miramontes's representation in this appeal have ended. Counsel need do no more than inform Miramontes of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Miramontes has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Miramontes has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.

